Hunt *v.* Kane.

New trial granted.

[NEW YORK GENERAL TERM, November 30, 1863. *Sutherland, Leonard* and *Barnard,* Justices.]

## HUNT *vs.* KANE.

### KITCHING *vs.* KANE.

Where the defendant never had any possession of, or control over, promissory notes, claimed by the plaintiff, except as the agent of his wife who was entitled to hold them; *held* that his refusal to deliver them, on demand, could not constitute, or be evidence of, a conversion. CLERKE, J. dissented.

*Held,* also, that the omission or neglect of the defendant to perform a promise made to the plaintiff to procure promissory notes from those who rightfully held them, and deliver them to the plaintiff, did not constitute a conversion, where it appeared that the defendant never had the notes in his possession or control, and was unable in his individual capacity, to obtain the possession and control thereof.

APPEALS by the plaintiffs in the above suits, respectively, from judgments entered therein, at a special term, after trials at the circuit before the court, without a jury. The first action was brought for the conversion of a promissory note for $1000, made by Thomas Hoyt & Co., dated July 6, 1857, payable to their own order nine months after date, and indorsed by them in blank and delivered to the plaintiff. The defendant, in his answer, denied that the plaintiff was

the owner or holder, or entitled to the possession of such note, and alleged that such note was the property of one Edith Kane, and that she became the *bona fide* holder thereof for a valuable consideration paid therefor long previous to its maturity, and still is the owner and holder thereof. And the defendant denied that he ever had possession of the said promissory note, except as the agent of the said Edith Kane, and while she was the owner thereof. But he admitted that the plaintiff had demanded said note of him, and that he refused to give him the possession thereof, as he had not at the time of such demand the possession or control of said note.

The justice before whom the action was tried found the following facts: 1. That the plaintiff was, in July, 1857, the owner of the note described in the complaint, and delivered the same to one John B. Kitching, with directions to said Kitching to get the same discounted for the plaintiff. 2. That while Kitching held said note as aforesaid, the defendant drew his check on the Lee Bank of Massachusetts, payable to the order of said Kitching, for $1500. That said Kane gave his check, as aforesaid, in payment of a pre-existing debt due to said Kitching, and that the said Kitching gave Kane credit on account for $1500, the amount of the said check. 3. That said Kitching indorsed and delivered the said check to the banking firm of Clark, Dodge & Co., of the city of New York, and received therefor the amount of the check. 4. That Kitching, at the time of transferring said check and receiving the money from Clark, Dodge & Co., deposited with them, as collateral security, the note in question. 5. The Lee Bank refused to pay the check drawn on them by said Kane, the defendant herein, and said check was then presented to the drawer, the said Kane, for payment, by Clark, Dodge & Co., but said Kane declined paying the check to Clark, Dodge & Co., unless they would deliver to him the notes left with them by said Kitching as collateral security, which included the note in question in this suit. 6. That said Kane represented to

said Kitching, that if he paid his check of $1500 that he had drawn on the Lee Bank, he must use his wife's credit, and that her brother was looking after her affairs very sharp, and he, Kane, wanted something to show her brother, but that he would return the note in question in a short time. 7. That upon representation said Kitching consented that Kane should, upon the payment of his check to Clark, Dodge & Co., receive from them the collaterals, including the note in question. 8. That before the commencement of this action the plaintiff, through the said Kitching, demanded the return of said note of the defendant. 9. That the defendant received from his wife the $1500 with which to pay his check, representing to her that he could purchase two notes of Clark, Dodge & Co., (one of which was the note in suit,) for $1500, and that she employed him to purchase the note in question (with others) and furnished the money with which he paid his check, and received the collaterals deposited by said Kitching. The $1500 belonged to the defendant's wife, being derived from the income of her separate real estate, and the proceeds of her separate and sole personal property. 10. That said Kane delivered the note in question to his wife, before its maturity, and suit against the maker was, after maturity, commenced by the wife of said Kane. As conclusions of law on the foregoing facts, the justice found that the defendant had not been guilty of converting the promissory note in question, as charged in the complaint.

The second action was brought for the conversion of a promissory note, drawn by Charters Brothers, dated New York, December 8, 1857, whereby, three months after date, they promised to pay to the order of G. W. Hunt, $871.53, for value received, said note being indorsed in blank by said Hunt. The complaint alleged that the plaintiff, while the owner and in the possession of said note, held a check drawn by the defendant on the Lee Bank for $1500, to the order of the defendant, and indorsed in blank by said defendant,

and by him delivered to the plaintiff in payment of a previous existing debt; that in order to obtain the payment of said check from the firm of Clark, Dodge & Co., of the city of New York, the plaintiff deposited with them, as collateral security, the note in question; that said check was not paid by the Lee Bank; that subsequently the defendant paid said check to the holders and owners, Clark, Dodge & Co. And the plaintiff alleged that the defendant, at the time he paid said check, took from said Clark, Dodge & Co. said note deposited by the plaintiff as collateral security, as aforesaid. And he further alleged that the defendant never had any right nor permission to use, nor transfer, nor in any manner to dispose of said note; that the plaintiff had demanded of said defendant the return of said note; and that the defendant refused to return the same. And that the defendant had, or claimed to have, disposed of said note, and that some person other than the defendant had commenced an action in this court for the recovery of the amount of said note. The defendant, in his answer, denied that the plaintiff was the owner or holder or entitled to the possession of the note in question, and alleged that the same was the property of Edith Kane, who became the *bona fide* owner and holder of said note for a valuable consideration, paid therefor previous to its maturity, and still is the owner and holder thereof. The defendant admitted that, acting as agent of the said Edith Kane, he received said note from Clark, Dodge & Co., and at or about the time he paid the check mentioned in the complaint; but he averred that said check was paid with the money and property of the said Edith Kane; and that said note was delivered to the defendant as her agent, and with the consent of the plaintiff.

The same facts were found in the second action as in the first, and the justice reached the same conclusion of law, viz. that the defendant was not guilty of converting the note in question. Judgment was rendered in each suit for the defendant, for costs.

---

Hunt *v.* Kane.

---

*E. Sprout,* for the appellant.

*H. G. Wheaton,* for the respondent.

BARNARD, J.   In these cases ˙the evidence does not so greatly preponderate against the facts found as to call for a reversal, on the ground of any of the findings of fact being against the weight of evidence.   The appellants, however, on the facts found, insist that the judgment is erroneous, because they claim that those facts show the conversion by the defendant of the notes in question, and this is claimed on two grounds: 1st. That the defendant having refused to deliver the notes on demand, did thereby convert them. 2d. That the defendant having promised to procure the notes from those who rightfully held them, and deliver them to the plaintiff, and the plaintiff having thereupon consented to his so procuring the notes, his not procuring and delivering them amounts to a conversion of them by him.

As to the first ground, the defendant never had any possession of or control over the notes, except as the agent of one who is entitled to hold them ; consequently his refusal to deliver them on demand, could not constitute or be evidence of a conversion.   As to the second ground, the omission or neglect to perform the promise cannot constitute a conversion of notes which the defendant never had in his possession, and over which he never had any control, and the possession of and control over which, so far as appears, he was never able in his individual capacity to obtain.   If there is a sufficient consideration for the promise, the defendant may be liable to an action for a breach of his contract, but he cannot under these circumstances be held for a conversion, on the ground of his not fulfilling his promise.

The judgment should be affirmed, with costs.

SUTHERLAND, J. concurred.

CLERKE, J. (dissenting.)　If the defendant had obtained the notes in question in the surreptitious manner in which the judge at the trial found, and *afterwards* transferred them for value to an innocent holder, there can be no doubt that he would be liable for a wrongful conversion. (*Decker* v. *Mathews*, 2 *Kern.* 313. *Murray* v. *Burling*, 10 *John.* 172.) The notes being in the possession of a *bona fide* holder, the maker and indorsers would be liable upon them to him. But, the intervening wrongdoer would be liable in this action for damages, to the person who had owned them, and who would have continued to own them, but for his wrongful act. Now the only difference between the case supposed and the actual case is, that, instead of selling the notes or getting them discounted after the conversion, he first obtained $1500 from his wife, who employed him to purchase the notes in question with this money, he having falsely represented to her that he could purchase with it these notes from Clark, Dodge & Co., when in fact he only paid his own check for this amount, which was in their possession. But to make his story good he fraudulently possesses himself of these notes. It is contended that because he was a mere agent for an innocent person, who employed him to make this pretended purchase, he, the perpetrator of the wrong, is exonerated from liability. But, surely, it can be no excuse for a wrongdoer that he perpetrated the wrong while in the service of another, and in respect to the particular business which he was authorized to transact. Agency is no more a justification for a tort than for a crime; and the agent, if he commits the *tort* with the consent and aid of the principal, is liable jointly with the latter; if without that consent and aid, he is solely and separately liable. If he converts property wrongfully for the purpose of making a transaction apparently to correspond with false representations which he had made to his principal, and thus deprive the owner of it, he is liable to the extent of the injury; and the measure of the damages is the value of the property. In the present case these false representations were made for the express

purpose of benefiting himself, namely, to raise $1500 to take up his own check for that amount which had been dishonored But even if he had committed the act without any selfish motive, he alone is responsible.

The judgment should be reversed, with costs.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 30, 1863. *Sutherland, Clerke* and *Barnard,* Justices.]