Follett, J.
Appeal from a judgment entered upon a non-suit February 7, 1885. The plaintiff leased of Francis D. Holmes, defendant’s wife, a farm, sixteen cows and *547 other chattels, for five years from April 1, 1880, for $400 per year, payable each oil first day of December; seventy-five dollars of the annual rent, payable in improvements, to be agreed upon between the parties. By the terms of the lease, “All stock raised shall belong to the party of the first part, lessor, until this contract is fully paid and satisfied.”
February 27, 1882, the plaintiff assigned his interest in the lease to Alfred J. Shaver, and, for the purposes of this appeal, it must be assumed that the assignment was with the consent of the lessor; though there is no evidence that the lessor knew the terms of the assignment, or that by the agreement between Shaver and plaintiff, that plaintiff wras to. remove the cattle in question. The plaintiff gave Shaver possession April 1, 1882. The cattle described in the complaint were reared on the place, and were left with Shaver temporarily by plaintiff until he could take them away, which he testified he intended to do.
About April 20, 1882, the cattle were taken, under the security clause in the lease, and driven to another farm of the lessor, where they have since remained.
In May, 1882, this action, replevin, was begun. The evidence shows that defendant claimed and too£ the cattle under the lease in the right of his wife, the lessor, and had no possession of them except while driving them from one farm to another, which is insufficient evidence of detention to maintain replevin against the defendant. Hunt v. Kane, 40 Barb., 638; McDougall v. Travis, 24 Hun, 590; Wells Rep., § 144.
The undisputed evidence shows that the parties to this lease had not settled for two years of the plaintiff’s occupancy, and the contract had not been fully paid and satisfied. The plaintiff testified that he had an unsettled claim for damages. The defendant testified that plaintiff failed to pay the taxes assessed in 1881, thirteen dollars, which he was bound to pay by the lease, and that defendant, acting for his wife, paid them.
Until the plaintiff had performed his lease, or been excused from its performance, the title to the cattle was in the lessor, and the plaintiff had no right to deliver them to another for the purpose of subsequently removing them from the farm. We do not think, under the evidence, that there was a question of fact for the jury, and the non-suit was rightly granted.
The judgment is affirmed, with costs.
Hardin, P. J., and Boardman, J., concur.