Thompson, J.
delivered the opinion of the court. The -opening on the part of the plaintiffs, and which was considered by the judge as insufficient to maintain the action, contained a state» *177 meat of facts showing the most palpable misconduct on the part of the defendant. The note in question was drawn, and put into his hands, on his own suggestion, that he would procure the money for it, from Charles Kauman, to answer what he well knew to be the then necessities of the plaintiffs, and upon an express promise* on his part, thus to dispose of the note, and pay the money to Swan, to be paid over to the plaintiffs. Instead of doing this, he immediately passed it to Minium <§- Ckamplin, to pay a debt due from himself and Swan. The note was not put into his hands under a general authority to raise money upon it Had that been the nature of his trust, he might not have exceeded his power, or violated his duty, by passing it away to any person from whom he could raise the money; and the conversion or breach of trust would have consisted in the misapplication of the money, and not in the act of transferring the note, in which case trover might not have lain for the note. But the note was put into Ms hands for a definite and specific purpose, to pass to Kauman, and any other use of it was a violation1 of his trust Although the note was drawn payable to Swan, the defendant received it as the property of the plaintiffs, for the purpose of raising money for them. The circumstances being all known to the defendant, the manner and form in which the business was done cannot alter the substance and merits of the transaction.
Assuming to one’s self the property and right of disposing of another man’s goods is a conversion, says Lord Molt, in the case of Baldwin v. Cole. (6 Mod. 212.) And this principle is adopted and sanctioned by Lord Ellenborough, in the case of M‘Combie v. Davies. (6 East, 540.) The defendant having come lawfully into possession of the note forms no objection to the action. This is admitted in every action of trover, which always supposes the defendant to have come legally into the possession of the goods. It is the breach of the trust, or the abuse of such lawful possession, which constitutes the conversion. These are familiar principles, as applicable to chattels, and there can be no good reason for not applying them to chases in action. The case of Syed v. Hay (4 Term Rep. 260.) contains principles applicable to the present case. It was an action of trover against a carrier for having delivered goods into the possession of a third person, contrary to orders, and it was objected that the action should have been case for not delivering the goods, and not trover; but the objection was not sustained: and Buller, J. said, “ if one man who is intrusted with the goods of another, puts them into the hands of a third person, contrary to orders, it is *178 a conversion. As if a man takes my horse to ride, and leaves it at an jnD) that is a conversion, for though I may have him by send» ing for him, and paying for his keeping, yet it brings a charge uPon me” 1* is this charge which is to regulate the damages; but whether it be more or less cannot vary the question as to the conversion. If the charge was to the full value of the horse, it would still be a conversion. Suppose the note in question had been pledged for a small sum of money, much below the face of it, and the plaintiffs had redeemed it, by paying the pledge, would not an action of trover have lain for the damages. Whether the party has to pay more or less to get back his property, does not alter the principle, as to the form of action.
That the plaintiffs have paid up their note, and have it now in their possession, is no objection to maintaining trover for the damages sustained by the conversion. It is every day’s practice to sustain this action for the injury suffered, although the owner has repossessed himself of his property. (2 Esp. N. P. 190, 191.) The note went into the defendant’s hands as the plaintiffs’ property, and it is the misuse or disposition of it, contrary to orders, that constitutes the cause of action. It is no answer to say that the plaintiff has a remedy by an action for the money. There are many cases in which a party has an election of actions: as if I intrust a man with my horse to ride, and he sells him, I may bring trover against him for the horse, or affirm the sale, and bring an action for the money. The defendant comes with an ill grace to turn the ' plaintiffs round to another form of action, which may better accommodate his own views. It is a sound maxim, that no man shall found any claim or defence upon his own iniquity. There cannot ■ be a doubt but that the defendant is liable in some form of action, and we see no objection to maintaining trover.
The court are of opinion that the nonsuit ought to be set aside»-
Rule granted;.