[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 315 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 316 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 317 
The facts, as found by the jury, may be briefly stated. The plaintiff made the note payable to the order of Robert Jones, for the accommodation of James Jones Co., and Robert endorsed for their accommodation. The note was to be offered for discount at the Manhattan Bank, and if discounted the proceeds were to be used in paying notes made by James Jones Co., and upon which the plaintiff and Robert Jones were liable as endorsers. The Manhattan Bank refused to discount the note. The defendant, Mathews, took the note and converted and appropriated it, procuring it to be discounted at a bank without the knowledge or consent of the plaintiff, or of James Jones Co. And the jury have negatived any ratification by the plaintiff of the act of the defendant.
It is not material to inquire whether James Jones Co. were restricted to the use of the note at the Manhattan Bank; the material restriction was, that it should be used to raise money with which to pay off notes upon which the plaintiff and Robert Jones were liable as accommodation endorsers. Jones Co. had no right to use the note for any other purpose. There was evidence authorizing the jury to find that after the note had been presented by Jones Co. to the Manhattan Bank for discount, and the bank had refused to discount it, Jones Co. notified the plaintiff of these facts and requested him to call and get the note, and that he, a few days thereafter, called for it. In the meantime the defendant had taken it. This would show that Jones 
Co. made no further claim to the note, and that the plaintiff claimed the right to have it surrendered to him. The judge submitted the question to the jury, whether the plaintiff was the owner of the note at the time of the alleged conversion; by which I understand him to have submitted whether the plaintiff was at that time entitled to the possession of the note as against Jones Co.; not whether the note, at that time, in the hands of Jones Co. was of any value, or that any one had any property *Page 319 
in it. The note, in the hands of any one not a bona fide holder, was without value; and it may be conceded that had the defendant destroyed it, no action could have been maintained against him by the plaintiff. But the defendant Mathews took the note, and by his wrongful act caused it to become valuable in the hands of a bona fide holder, and he received, as the fruit of his wrongful act, the full amount of such value, and made the plaintiff liable therefor. And herein is the gravamen of the action.
In Murray et al. v. Burling (10 J.R., 172), the action was trover for the conversion of a note made by the plaintiffs. The note was handed to the defendant to procure the money upon it from a third person. Instead of doing this, he used the note for another purpose. It was held that he was liable. While the note remained in the hands of Burling, it could not be enforced against the makers. It was of no more value than the note in the present case at the time Mathews took it; but by the act of passing it to a bona fide holder it became valuable. In Evans
v. Kymer (1 Barn. Adol., 528) the plaintiff was the acceptor and the bill belonged to him. It was in the possession of the drawer, and he transferred it with notice to the defendant It was held that the action could be maintained. The case is an authority to show that it is not a good objection, that the action is brought by the maker of a note or the acceptor of the bill which has been converted.
The measure of damages was the amount which the plaintiff had been injured by the wrongful act of the defendant. The note was transferred to a bona fide holder, and the plaintiff is liable upon it; and the presumption is that he has paid it, or will pay it voluntarily, or that he will be compelled to pay it. It was his duty to the holder to pay it at maturity. He cannot relieve himself from liability without payment. It was not necessary that he should pay the note before action. His cause of action accrued immediately upon his becoming liable upon the note, and he *Page 320 
was so liable when the note was transferred to a bona fide holder. In Evans v. Kymer (supra) the plaintiff had not paid the acceptance and the objection was taken. In Murray v.Burling (supra) the plaintiff had paid the note and this objection was taken. Neither the right of action nor the measure of damages depends upon the fact of payment. It is enough if the plaintiff is liable to pay, and as the precise sum which he is liable to pay is known, there is no difficulty in fixing the amount of damages.
A general exception was taken to the entire charge. If any independent portion of the charge was correct, this exception is not available. But I see no objection to the charge, properly understood. Several requests were made to the judge to charge the jury on specified points in a particular manner. If the judge, in his charge, substantially covered these propositions, it was not error in him to refuse to charge further or different. The judge submitted to the jury correctly the matters as to which he was requested specifically to charge.
It remains to consider the sufficiency of the complaint. It was ably attacked and criticised upon the argument. It is objected that it does not state facts sufficient to entitle the plaintiff to recover the amount of the note, there being no allegation that the plaintiff had paid it or become liable on it. The objection rests upon the propositions: 1. That the paper was of no value when Mathews took it, and that it so remained until transferred to a bona fide holder; and 2. That it was necessary to aver and prove payment. These objections have been already noticed so far as the law applicable to them is concerned. It may be conceded that the note was valueless until it passed into the hands of a bona fide holder, though Evans v.Kymer (supra) seems to establish a different principle. It was not necessary to allege payment in the complaint unless it was also necessary to prove it on the trial. It was necessary, as I think, that the complaint should show that the note had passed into *Page 321 
the hands of a bona fide holder, as otherwise there would have been no conversion of the property of the plaintiff to his damage. In the complaint, the making of the note and the parties to it and the purpose for which it was made are stated. The complaint informs us what was done with the note prior to the defendants taking it; and, it is added, "whereupon the plaintiff became entitled to the possession of the said note." It was probably not necessary to state this conclusion upon the facts stated, but it can do no harm. There is no express averment in the complaint of property in the plaintiff, but the facts are stated showing that he was entitled to the note, and this is sufficient certainly after verdict. I think under the authorities already cited it would have been proper to aver property in the plaintiff.
In charging the conversion, the language is "that the defendants converted and disposed of the note to their own use." It is objected that this is not sufficient to show that the note had passed into the hands of a bona fide holder, so as to render the plaintiff liable upon it. It is the usual form of alleging conversion of a chattel. I certainly should have preferred a fuller statement of facts in this case, still. I think, liberally construed, the allegation is sufficient. We are required to construe pleadings under the Code liberally. The defendants converted and disposed of the note to their own use. This is equivalent to an allegation that they had negotiated the note for their own use, and in construing such an allegation, I think we should understand that it had been negotiated in the usual course of business, not that it had been hypothecated or used as a collateral security. The fact that it had been negotiated to a bona fide holder was proved upon the trial without objection.
I am of opinion that the judgment should be affirmed