JOHN  NEAL  *vs.*  ASA  HANSON.

*Pleading.    General demurrer.    Conversion.*

Under a general  demurrer no advantage  can  be taken of  purely  formal defects
in pleading.

Thus, in trover for a promissory note signed by  the  plaintiff  and  made payable
by its terms to the  defendant,  the objection  that  the  declaration  does not
allege that the plaintiff was possessed of  the  note as of his own  proper goods
and chattels;  or that it does not allege the value.of the note, being purely for-
mal, cannot be taken advantage of by general demurrer.

The abuse of a lawful possession may constitute a conversion.

ON  EXCEPTIONS to  the  ruling  of  *Lane*,  J.,  of  the  superior  court
for this county.

Trover for a promissory note dated Jan. 24, 1872, signed by the
plaintiff and  made  payable to  the  defendant, in  the  sum of  forty-
eight dollars and twenty-eight  cents.

To  the  declaration,  the  defendant  filed  a  general  demurrer,
which was joined.

The judge sustained the demurrer, and adjudged the declaration
bad; whereupon the plaintiff alleged exceptions.

*John Neal & Son*, for the plaintiff.

*A. Merrill*, for the defendant.

1.  To maintain trover, property in  the  plaintiff, and  conversion
by  the  defendant,  must  be  proved.   1  Chit.  on Pl. 170.   It is
confined  to  the  conversion  of  goods  and  chattels.   1  Chit. on Pl.
168.

The plaintiff must, at the  time of  conversion, have a  general or
special property in the  chattel, and either the  actual  possession, or
the  right to  the  immediate  possession  of  it.   1  Chit. on Pl. 170;
*Fairbanks* v. *Phelps*, 22 Pick. 538;  *Ayer* v. *Bartlett*, 9 Pick. 156;
*Howard* v. *Farr*, 18 N. H. 457;  *Esty* v. *Graham*, 46 N. H. 169;
*Ames* v. *Palmer*, 42 Maine, 197.

The action may be defeated by showing that the plaintiff had no

title at the commencement of the suit. *Clapp* v. *Glidden*, 39 Maine, 448.

It does not appear from the declaration that the plaintiff had any general or special property in the note, or any right of immediate possession of it. It alleges that the plaintiff was possessed of the note, but not 'as of his own proper goods and chattels.' Nor does it allege that it was the plaintiff's property, or that it was of any value. Value is an essential element in property. If a chattel has no value it cannot be property. Hence it must allege that it was the property of the plaintiff, or that it was of some value stated. Trover, therefore, cannot be maintained. Oliver's Prec. 467.

2. The declaration alleges that the plaintiff was possessed of a 'certain promissory note, signed by himself and payable to the defendant, in the sum of,' etc.; 'and, being so possessed, lost the same,' which afterwards came into the hands and possession of the 'defendant by finding,' i. e. lawfully, and if it did not come into defendant's possession lawfully, then the plaintiff should have brought *trespass de bonis;* for trover admits lawful possession, and trespass charges unlawful possession. Oliver's Prec. 164.

If it was never delivered to the defendant, then it has never become property at all, either in the plaintiff's or defendant's possession. If it has been delivered, then it was defendant's property, and the losing or finding does not change the property.

3. Assumpsit, and not trover, is the proper action if any can be maintained. *Floyd* v. *Day*, 3 Mass. 403.

APPLETON, C. J. This is an action of trover for a promissory note. The declaration is in these words: 'For that whereas the said plaintiff, on the 24th day of January, 1872, at said Portland, was possessed of a certain promissory note, dated the 24th day of said January, signed by said John Neal, and payable on demand to the said defendant in the sum of forty-eight dollars and twenty-eight cents; and being so thereof possessed, thereafterwards, on the same day, casually lost the said note above described, which there-

afterwards, on the same day, came into the possession of the said Hanson by finding. Yet the said Hanson, well knowing the same to be the proper goods and chattels of the plaintiff, and of right to appertain to him, yet thereto requested, on the sixth day of February, 1872, has not delivered the same to the said plaintiff, but thereafterwards, on the same day last named, converted the same to his, the defendant's, use.'

To this declaration the defendant has filed a general demurrer, which has been joined.

The presiding justice adjudged the declaration bad, to which the plaintiff excepted.

A demurrer is general when no particular cause is alleged; special, when the particular imperfection is pointed out and insisted upon as the ground of demurrer; the former will suffice when the pleading is defective in substance; the latter is required when the objection is only to the form of pleading. 1 Chit. on Pl., 14 Am. ed. 667. It is obvious, therefore, that when the defect is matter of form it must be specially set forth; in other words, there must be a special demurrer.

The first objection is, that the writ does not allege that the plaintiff was possessed of the note, 'as of his own proper goods and chattels.' In *Jones* v. *Winckworth*, Hardres, 111, the objection was taken 'that the plaintiff did not allege that he was possessed of the articles sued for as *de bonis propriis; sed non allocatur*,' say the court, 'after a verdict. And the declaration does mention that the defendant, knowing them to appertain to the plaintiff, implies as much,' and so judgment was rendered for the plaintiff. In *Good* v. *Harwick*, 15 S. & R. 99, this objection was taken; but, say the court, 'objections of this kind are not to be favored, especially after verdict.' Besides, the declaration alleges the defendant knew the note sued for 'to be the proper goods and chattels of the plaintiff, and of right to appertain to him,' which they could not know, if it were not so, and which they did know, the demurrer admits.

The next objection is, that the value of the note is not averred.

In *Wood* v. *Smith*, Cro. James, 130, the question arose, whether

judgment should be arrested after verdict because the value of the article converted was not alleged. Popham and Yelverton held the declaration ill; but Williams, Tanfield, and Fenner *e contra;* for they said it was not assumpsit, especially when the thing is not demanded, but damages for it; and therefor Williams cited the register, vol. 37, that such exception at the common law was not material; but they held at the most it was but defect of form, which is aided by the statute of 18 Eliz., c. 14.' The same question arose in *Pearpoint* v. *Henry,* 2 Wash. 192, and the court, regarding the objection as one of form, overruled the motion in arrest of judgment.

It is said the note came lawfully in the defendant's possession, and therefore that he has a right to retain it. But the declaration admits that the plaintiff was possessed of the note, and that the defendant knowing it to be of his proper goods and chattels, and of right to appertain to him, 'converted the same to his, the defendant's, use.'

'Assuming to one's self the property and right of disposing another man's goods is a conversion, says Lord Holt, in the case of *Baldwin* v. *Cole,* 6 Mod. 212, and this principle is adopted and sanctioned by Lord Ellenborough in the case of *McCombie* v. *Daveis,* 6 East, 540. The defendant having come lawfully into the possession of the note forms no objection to the action. . . . It is the breach of the trust, or the abuse of such lawful possession, which constitutes the conversion.' *Murray* v. *Burling,* 10 Johns. 172.

Now the writ does not show for what purpose the defendant received the note. It only shows that being the plaintiff's property, and having received it, he is guilty of a tort by its conversion.

It was held in *Goggerley* v. *Cuthbert,* 5 B. & P. 170, that if A indorse a bill drawn in his favor to B, or order, that B may raise money for A by negotiating it, and B gives it to C, who puts it into the hands of D, without consideration two years after the bill is due, that A may recover back the bill from D in trover. The point was taken there as here, that the bill was of no value. To

---

---

this Mansfield, C. J., replies: 'As to the bill being worth nothing, it is of importance to the plaintiff to get it back again.' So here, if the note belongs to the plaintiff, it is of importance to him to get it back again, or to recover its value. So in *Murray* v. *Burling*, 10 Johns. 172, it was held that the plaintiffs could maintain trover for their own note, which the defendant received as their property for the purpose of raising money for them, but which he converted to his own use.

'The substantial matter,' observes Shepley, C. J., in *Lord* v. *Pierce*, 33 Maine, 350, 'upon which the action is founded is, that the defendant has, without right, the property of the plaintiff in his possession, and that he refuses to surrender it.'

The objections specially relied upon are purely formal. They could not be taken advantage of in arrest of judgment, nor are they available to the plaintiff on general demurrer.

*Exceptions sustained.*

CUTTING, WALTON, DANFORTH, and TAPLEY, JJ., concurred.