DETERMINED IN THE

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## October, 1876.

---

HORACE J. THAYER, Respondent, *v.* SIMON B. MANLEY, Appellant.

*Fraudulent representations — Promissory notes — obtained by — Measure of damages — where notes are not transferred before maturity.*

Upon the trial of an action brought by the plaintiff to recover damages for fraudulent representations, by means of which he was induced to deliver to the defendant his three promissory notes, each for $500, with interest, it appeared that all the notes were still in the possession of the defendant, and that one of them was then overdue. The court charged that the plaintiff was entitled to recover the face of the notes, with interest. Upon appeal from a judgment in favor of the plaintiff, *held*, that this was error ; that the verdict of the jury established the invalidity of the notes in the hands of the defendant; and that, as to the note then overdue, the plaintiff was only entitled to nominal damages; that he was entitled to recover the face of the other two, with interest, as they might be transferred before maturity to *bona fide* purchasers in good faith.
*Held*, further, that if the defendant had canceled or surrendered the other notes at the trial, plaintiff could only have recovered nominal damages for them also.

APPEAL from an order denying a motion for a new trial, made upon a case and exceptions, after a verdict and judgment in favor of the plaintiff.

*Sherman S. Rogers*, for the appellant.

*C. D. Murray*, for the respondent.

TALCOTT, J. :

This action is brought by the plaintiff to recover damages for certain false and fraudulent representations, by means of which the defendant procured the plaintiff to execute and deliver to him (the defendant) three promissory notes for $500 each, payable to the defendant or bearer, with interest, at two, three, and four years from date respectively.

The notes were all dated on the 8th day of October, 1872. The suit was commenced in the month of August, 1874, and was tried in January, 1875. The defendant continued to be the holder of the three notes at the time of the trial, and produced them on the trial; but, so far as the case shows, did not cancel them or any of them, and did not deliver or offer to deliver them to the plaintiff. In fact, the defendant was placed in an embarrassing position in reference to the cancellation or return of the notes. He contended before the jury, and gave evidence, as the case states, tending to disprove the allegations of the complaint, and it could only be known after the verdict was found, whether the jury would sustain the claims of the plaintiff or otherwise.

The only question presented on the appeal is in relation to the measure of damages, and it is certainly one not free from difficulty. Undoubtedly the measure of damages for converting a negotiable promissory note is *prima facie* the amount of the note, with the interest. But this is where the note is the obligation of a third party, and its value is to be presumed to be the amount secured by it, unless some evidence is given tending to impair that value, such as the insolvency of the maker or the invalidity from some cause of the note. The cases of *Ingalls* v. *Lord* (1 Cowen, 240); *Potter* v. *Merchants' Bank* (28 N. Y., 641), and *Booth* v. *Powers* (56 id., 22), (the latter of which seems to have been solely relied on as furnishing the ground for refusing a new trial at the Special Term), were all cases where the note of a third party had been converted, and the rule before referred to, of course, applied.

But an action may be maintained for the conversion of a note made by the plaintiff (*Murray & Ogden* v. *Burling*, 10 Johns., 172 ; *Decker* v. *Mathews*, 12 N. Y., 313) ; but in both these cases the note had been negotiated, and in the one case paid by the maker, and in the other, though it was still outstanding, it was said,

in the only opinion delivered, that the plaintiff was liable upon it, and the presumption was that he had paid it voluntarily, or would be compelled to pay it.

In this case the payee still holds the notes, and one of them has become over-due in his hands. What damages then has the plaintiff sustained? The court instructed the jury that, as a matter of law, the plaintiff was entitled to recover the face of three notes, with the interest. In the case of *Decker* v. *Mathews* (*supra*), the court said : " The note in the hands of any one not a *bona fide* holder was without value ; and it may be conceded that had the defendant destroyed it, no action could have been maintained against him by the plaintiff. But the defendant Mathews took the note and by his wrongful act, caused it to become valuable in the hands of a *bona fide* holder ; and he received, as the fruit of his wrongful act, the full amount of such value and made the plaintiff liable therefor ; and herein is the gravamen of the action."

As to the note still in the hands of the defendant and past due, the verdict in the case shows that the note is invalid as between the parties, and there is no possibility that it can be in the hands of a *bona fide* holder for value so as so enable such holder to enforce it as against the plaintiff. It was held expressly in *Booth* v. *Powers* (*supra*), that in an action for damages for converting a note, the fact that the note was invalid might be shown upon the question of damages. The verdict in this case would be conclusive of the invalidity of the notes ; and as to that past due would be evidence of the fact in the hands of any subsequent holder.

We think it clear, therefore, that as to the matured note, the plaintiff, at best, was entitled to recover only nominal damages, and that as to the other two notes he was entitled to recover the face of them, principal and interest, as they stood at the time of the trial, because the defendant had it in his power to transfer them to a *bona fide* holder for value ; in which case the plaintiff would become liable to pay, the same as he was in the case of *Decker* v. *Mathews*.

If, however, the defendant had seen fit to cancel the notes on the trial, or to return them to the plaintiff, we do not see how the plaintiff could have recovered more than nominal damages ; and

the right of cancellation or return of the notes not yet matured, will be available on another trial.

New trial ordered, costs to abide the event, unless the defendant shall cancel and return the notes and pay the costs of the action within thirty days. In the event he so cancels and returns the said notes and pays said costs, including the costs of the appeal, the complaint to be dismissed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.