## FITCHETT *v.* NANARY.

*(Superior Court of New York City, General Term.* May 4, 1891.)

1. LIVERY STABLE KEEPERS—LIEN—HOW LOST.
 Where one who has a stable keeper's lien on a horse sells his stable, and allows the purchaser to take possession of the horse, he thereby loses his lien, unless he makes some arrangement by which the horse is to be held for his benefit.

2. TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION.
 Defendant, at plaintiff's request, bid in property of plaintiff sold to enforce a claim against the same. After the sale, defendant, without plaintiff's consent, removed the property from the state. *Held,* that defendant was guilty of a conversion.

Appeal from jury term.

Action by Warren N. Fitchett against Thomas Nanary for the conversion of a bay horse, buggy, and harness belonging to the plaintiff. The defendant admits the ownership of the property by the plaintiff, and alleges in defense that the property was sold at auction to satisfy a claim due to the defendant, and that at such sale the defendant, at plaintiff's request, bought the property in at $240, and that the plaintiff then pledged the same with the defendant as security for all his charges, aggregating $342.16. The defendant did board and feed the horse until June 1, 1888, when he sold his stable to Heineman Bros., and they took possession of the plaintiff's property, and charged the expense of caring for it to him. They subsequently changed the charge to the defendant, but no arrangement was made between the latter and Heineman Bros. that the property was to be kept on his account, or in preservation of his lien. The plaintiff denied the alleged pledge of the property, which was, after the sale, removed by the defendant to New Jersey without the plaintiff's permission. The acts aforesaid constitute the conversion complained of. The jury rendered a verdict in favor of the plaintiff for $900. A motion was made on the minutes for a new trial, and from the judgment entered on the verdict, and the order denying the application for a new trial, the defendant appeals.

Argued before SEDGWICK, C. J., and McADAM, J.

*A. I. Sire,* for appellant. *Chas. Blandy,* for respondent.

McADAM, J. The defendant waived his lien when he transferred the stable to Heineman Bros., and delivered the plaintiff's property to them, under a new arrangement, by which the expense of keeping it was charged to the plaintiff. Heineman Bros. became the plaintiff's agents, their possession his possession; and this voluntary surrender was a relinquishment of the defendant's lien, which could only be preserved by some understanding made at the time, by which the Heinemans were to hold the property for the benefit of the defendant, and for the preservation of his lien. See *Railroad Co.* v. *Sage,* 35 Hun, 95; *Bigelow* v. *Heaton,* 4 Denio, 496. No such arrangement was ever made. The answer does not plead a stable keeper's lien given by the statute, (Laws 1872, c. 498; Laws 1880, c. 145,) nor a common-law lien by agreement of the parties, but a sale by the plaintiff's authority, a buying in by the defendant on plaintiff's account, and a subsequent pledge until $342.16 was paid. The plaintiff denies that any such understanding was had or agreement made. The conflict was submitted to the jury, and they adopted the plaintiff's theory, that no such contract or pledge was made. The defendant, shortly after the auction sale, removed the property to the private stable of one Sire, at No. 211 West Fifty-Eighth street, where it remained a few days under defendant's control, and from thence it was removed by him to the farm of Sire, at Morris Farms, N. J., and from there to the farm of the defendant at New Brunswick. There being no lien, and no sale divesting the plaintiff's title, the removal of the property out of the state without the consent of the plaintiff was an unwarranted assumption of control of his

property, not justified by necessity or by any warrant whatever, and constitutes in law a conversion for which the defendant is answerable. Cow. Treat. § 629; 2 Hil. Torts, (4th Ed.) 32 *et seq.* The defendant had no more right to take the plaintiff's property to Morris Farms or New Brunswick than he would have to take it to Texas or to Europe. Assuming to one's self the property and right of disposing of another man's goods is a conversion. The fact that the defendant comes lawfully into possession forms no objection to the action. It is the breach of the trust or the abuse of such lawful possession which constitutes the conversion. *Murray* v. *Burling*, 10 Johns. 172. The using a thing without the license of the owner, or contrary to it, is a conversion. Assuming the right to dispose of it, or exercising dominion or an unwarranted control of it, is a conversion. Any asportation of a chattel for the use of the defendant or some third person is a conversion of it, because it is an act inconsistent with the general right of dominion which the owner of the chattel has in it, for he is entitled to the use of it at all times, and in all places, to suit his pleasure. Add. Torts, (3d Ed.) 310. The jury, upon ample evidence as to value, assessed the damages at $900. The verdict in sufficiently sustained by the proofs, and is not excessive in amount. The exceptions taken are without merit, and the motion for a new trial was properly denied. For these reasons the judgment and the order denying the motion for a new trial must be affirmed, with costs.