By the Court.—McAdam, J.
The defendant waived his lien, when he transferred the stable to Heine-man Bros., and delivered the' plaintiff’s property to them, under a new arrangement by which the expense of keeping it was charged to the plaintiff. Heine-man Bros, became the plaintiff’s agents; their possession, his possession, and this voluntary surrender was a relinquishment of the defendant’s lien, which could only be preserved by some understanding made at the time, by which the Heinemans were to hold the property for the benefit of the defendant, and for the preservation of his lien. See Geneva, etc. R. R. Co. v. Sage, 35 Hun, 95; Bigelow v. Heaton, 4 Den. 496. No such arrangement was ever made. The answer does not plead a stable-keeper’s lien given by the statute [Laws 1872, ch. 498 ; Laws 1880, ch. 145), nor a common law lien by agreement of the parties, but a sale by the plaintiff’s authority, a buying in by the defendant on plaintiff’s account, and a subsequent pledge until $342.16 was paid.
The plaintiff denies that any such understanding was had or agreement made (fols. 121, 122). The conflict was submitted to the jury, and they adopted the plaintiff’s theory that no such contract or pledge was made.
The defendant, shortly after the auction sale, removed the property to the private stable of one Sire, at No. 211 West 58th street, where it remained a few days under defendant’s control, and from thence it was removed by him, to the farm of Sire, at Morris Farms, New Jersey, and from there to the farm of the defendant at New Brunswick.
There being no lien, and no sale divesting the plaint *395 iff’s title, the removal of the property out of the state, without the consent of the plaintiff, was an unwarranted assumption of control of his property, not justified by necessity or by any warrant whatever, and constitutes in law a conversion for which the defendant is answerable. (How. Tr., § 629 ; 2 Hilliard on Torts, 4th ed. 32, et. seq.) The defendant had no more right to take the plaintiff’s property to Morris Farms or New Brunswick than he would have to take it to Texas or to Europe.
Assuming to one’s self the property and right of disposing of another man’s goods is a conversion. The fact that the defendant comes lawfully into possession forms no objection to the action. It is the breach of the trust or the abuse of such lawful possession which constitutes the conversion. Murray v. Burling, 10 Johns. 172. The using a thing without the license of the owner, or contrary to it is a conversion. Assuming the right to dispose of it, or exercising dominion or an unwarranted control of it, is a conversion.
Any asportation of a chattel for the use of the defendant or some third person is a conversion of it, because it is an act inconsistent with the general right of dominion which the owner of the chattel has in it, for he is entitled to the use of it at all times and in all places to suit his pleasure. Addison on Torts, 3d ed., 310.
The jury upon ample evidence as to value, assessed the damages at $900. The verdict is sufficiently sustained by the proofs, and is not excessive in amount. The exceptions taken are without merit, and the motion for a new trial was properly denied.
For these reasons, the judgment and the order denying the motion for a new trial must be affirmed, with costs.
Sedgwick, Ch. J. concurred.