## GILLESPIE *et al.* *v.* EVANS.

1. Action for money had and received is proper remedy where the maker of notes, knowing they are in the hands of a third person, pays the amount

thereof to the payee, at his solicitation, and on his representation that he is still the owner thereof, and will in a few days obtain and deliver them to the maker, and the payee fails to pay the notes, and obtain them from the person holding them as security, and refuses to return the money, but converts it to his own use.

2. The measure of damages is the amount converted and interest, where the payee of notes, inducing the maker to pay them before maturity, and while to his knowledge in the hands of a third person, on his representation that they are still his property, and will be obtained and surrendered by him in a few days, fails to obtain them from the person holding them as security, and refuses to surrender the money, and converts it to his own use. CORSON, P. J., dissenting.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Fall River county; Hon. WILLIAM GARDNER, Judge.

Action in conversion. Plaintiff had judgment, and defendanl appeals. Affirmed.

The facts are stated in the opinion.

*Fowler, Cull & Whitfield* and *Burke & Goodner*, for appellant.

No cause of action is stated in the complaint, because it fails to show that respondents have been damaged by appellant. See definition of the term "damages", Webster's Intern. Dict.; Comp. Laws, §§ 4574, 4575; Anderson's Law Dict. 305; 2 Greenl. Evi. § 253; Dow v. Humbert, 91 U. S. 299; Shugart v. Egan, 83 Ill. 57; Scripps v. Reilly, 28 Mich. 23. No damage has accrued to respondents, nor can any accrue unless they are compelled to pay the notes a second time, or by reason of the foreclosure of the mortgage are dispossessed of the mortgaged premises. Holman v. Creswell, 13 Tex. 38. Respondents neither allege nor prove that they have been caused any annoyance or put to any expense by reason of the failure of appellant to redeliver to them the notes in question; and special damages to be recovered must be alleged and proven. 3 Parsons, Contr. §§ 176, 177; 1 Chitty Pl., 332; Richardson v. Jones, 1 Nev. 406. The refusal to surrender a paid note is a conversion, but the damages in such case are only nominal, unless the maker is compelled to make payment a second time. Cooley on Torts,

star page 447, citing Pierce v. Gilson, 9 Vt. 216; Spencer v. Dearth, 43 Vt. 98; Stone v. Clough, 41 N. H. 290; 2 Sutherland on Damages, 190, citing Barmon v. Lithauer, 4 Keyes (N. Y.) 317; 4 Am. & Eng. Encyc. of Law, 106, note; Daggett v. Davis, 53 Mich. 35. Even though the mortgage should be reinstated, still, until the incumbrance has been discharged by payment, or the respondents evicted, they can recover only nominal damages. Stambaugh v. Smith, 23 Oh. St. 584; Foote v. Burnet, 10 Oh. 317; Rawle on Covenants, 134; Mills v. Saunders, 4 Neb. 192; 3 Parsons, Contr., star page 229; Beecher v. Baldwin, 55 Conn. 419; 3 Am. St. 57; Prescott v. Truman, 4 Mass. 927; Delavergne v. Norris, 7 Johns. 358; Fritz v. Pusey, 31 Minn. 368; Andrews v. Appel, 22 Hun, 429; Dickson v. Desire, 23 Mo. 151; Walker v. Deaver, 5 Mo. App. 139; Tiedeman on Real Prop. § 852; 4 Am. & Eng. Encyc. of Law, 569; Bundy v. Ridenour, 63 Ind. 406; Norton v. Colgrove, 41 Mich. 544; Kirkendall v. Keogh, 2 Ill. App. 492.

*N. K. Griggs* and *Kellar & Kellar*, for respondents.

When money has been paid upon consideration which has failed, action lies for money had and received, Broom's Leg. Max. 5th Am. Ed., 56; 2 Ency. Pl. & Pr. 1018; Dill v. Wareham, 48 Mass. 448; Farrelly v. Ladd, 92 Mass. 127 (10 Allen). As against plaintiffs, the pledgee can reinstate the mortgage and foreclose, and respondents would have no defense to such an action. Pickford v. Peebles, 7 S. D. 166, 63 N. W. 779; Parker v. Randolph, 5 S. D. 549; Merrill v. Luse, 6 S. D. 354; Whipple v. Fowler 60 N. W. 15; Martineau v. McCullom, 3 Pinny (Wis.) 355.

FULLER, J. From the complaint, as properly amended to conform to testimony admitted without objection, and from the court's findings fully sustained by the evidence, it appears that plaintiffs executed and delivered to defendant a series of four promissory notes, aggregating $10,000, all bearing date June 17, 1890, payable, respectively, in two, three, four and five

years after date, and secured by a mortgage upon real property. Before the maturity of either note, and prior to the 14th day of May, 1892, the defendant, by delivery, transferred all of said notes to the Home Insurance Company, as collateral security for the payment of his own notes for $10,0C0, held by said company, which are still so held, and in possession of John P. Allison, as receiver of said insurance company. On the day last above mentioned, May 14, 1892, plaintiffs, with full knowledge that their notes were still in possession of the Home Insurance Company, were induced by the defendant to pay him the full amount thereof, including accrued interest, upon the representation then made by the defendant that he was still the owner of said notes, and would within a few days obtain and deliver the same to plaintiffs for cancellation. Before the commencement of this action, and since the payment of their notes in full, which amounted to $11,133.33, plaintiffs have often demanded of the defendant that he return said notes to them, in accordance with his agreement so to do, or, failing in that particular, refund the money which he had thus received; but he has at all times and in every material respect refused, and still refuses, to comply with said demand, and every part thereof, claiming that he is unable to obtain the notes from the receiver of the Home Insurance Company, by whom they are still held to secure his personal obligation of $10,000 and interest. The court further found: "That the said Fred T. Evans has, in fraud and violation of plaintiffs' rights, misappropriated and converted to his own use the said sum of $11,133.33⅓, so as aforesaid paid to him by plaintiffs for the purpose of paying and canceling their said notes, and has fraudulently and wrongfully failed to use and apply said moneys to the payment and discharge of said notes of plaintiffs." And, as conclusions of law from the foregoing facts: "That said plaintiffs are entitled to a decree of the court as prayed for in their complaint, for the immediate return and cancellation of said notes described in plaintiffs' complaint, or for a personal judgment

against said defendant for the sum of $11,133.33⅓, together with interest thereon at the rate of seven per cent per annum from May 14, 1892. 'That a reasonable time to be given said defendant within which to deliver said notes to plaintiffs is the period of thirty days from the 19th day of May, A. D. 1896. That plaintiffs are entitled to a judgment for their costs and disbursements." From a judgment accordingly entered, and an order overruling a motion for a new trial, the defendant appeals. The death of Ella S. Gillespie having occurred since the trial of the cause, and her demise being suggested in this court, her husband and co-plaintiff, Fred D. Gillespie, as the duly appointed and acting administrator of her estate, is, upon stipulation of counsel, substituted in her stead as a party plaintiff, and, under the title thus amended, the cause will be considered and the appeal disposed of.

Confessedly, appellant received and converted to his own use $11,133.33 of respondents' money, with which in equity and good conscience, he should have satisfied their indebtedness, obtained their notes in accordance with his agreement, and surrendered the same to them for cancellation. Reposing special confidence in one with whom they had formerly transacted business, he was intrusted with the entire amount of their notes before maturity under circumstances which created a trust relation; and, having wrongfully converted the same, leaving the notes outstanding, unpaid, and in full force, he ought, in default of a compliance with his promise, to refund the money, with interest; and this action for money had and received is a proper remedy. Jackson v. Hough, 38 W. Va. 236, 18 S. E. 575; Spencer v. Dearth, 43 Vt. 98; Neal v. Hanson, 60 Me. 84. Disturbance of mind, inability to use their money, impairment of credit, and probability of ultimate loss, are considerations repugnant to the theory that respondents have sustained no injury. As the case stands, appellant has, and wrongfully withholds, a large sum of money belonging to respondents; and the fact that it came into his hands lawfully

is no reason for requiring them to remain passive until their claim is barred by the statute of limitations or until they are ejected from their premises by reason of the foreclosure of a reinstated mortgage, given to secure their notes, and which was by appellant discharged of record, apparently without any authority at the time he obtained their money. ·The reason for the law authorizing an action to recover compensatory damages for a refusal to deliver up a note that has been paid requires no elucidation; and where money has been misappropriated in violation of a trust, under circumstances resulting in actual fraud, the true measure of damages is the amount con· verted, with interest thereon. Comp. Laws, § 4603; Robbins v. Packard, 76 Am. Dec. 134. The judgment appealed from is affirmed.

CORSON, P. J., dissents.